**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AARON W.,[1]** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25 C 9711** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **FRANK BISIGNANO,** | ) | **Maria Valdez** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Aaron W.'s claims for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 16] is denied.

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On June 10, 2022, Plaintiff filed an application for DIB, alleging disability since June 29, 2021, due to back and extremity pain. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 1, 2024. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert also testified.

On May 30, 2024, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of June 29, 2021. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, right wrist lesion, and rotator cuff tear and osteoarthritis of the right shoulder. The ALJ concluded at step three that

his impairments, alone or in combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform light work with the following additional limitations: frequently operate hand controls with the right hand; occasionally reach overhead to the right, and frequently for all other reaching; frequently handle items, finger, and feel with the right hand; frequently climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; frequently stoop, kneel, crouch, and crawl; occasionally work around unprotected heights, moving mechanical parts, and operating motor vehicles; and occasionally work in extreme cold, extreme heat, and vibration.

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a TV installer. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a

Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ erred by (1) failing to obtain an updated medical source opinion; and (2) improperly evaluating his alleged hand limitations; and the Appeals Council erred by failing to exhibit a spinal MRI submitted after the ALJ's decision.

### A. Updated Medical Opinion

Plaintiff first contends that the ALJ should have obtained an updated medical opinion, because the state agency review occurred before an August 2023 shoulder MRI was in the record. Plaintiff believes the ALJ instead improperly interpreted the results of that MRI herself. The error was not harmless, according to Plaintiff, because the jobs the ALJ listed at step 5 all require frequent reaching, handling, and fingering. Defendant responds that there was no evidentiary deficit because Plaintiff's orthopedist Dr. Sompalli interpreted the August 2023 MRI, that interpretation was in the record, and his summary did not suggest the level of impairment Plaintiff now suggests.

The Seventh Circuit has "said repeatedly that an ALJ may not play doctor and interpret new and potentially decisive medical evidence without medical scrutiny." *McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018) (cleaned up, citation omitted). But not all new medical evidence merits remand: "[T]he critical question is whether the new evidence contains 'significant and new developments' that 'reasonably' could have changed the previous reviewing consultant's assessment." *Baptist v. Kijakazi*, 74 F.4th 437, 443 (7th Cir. 2023) (citation omitted). "When evidence of mild changes is reviewed by a claimant's treating physicians and unaccompanied by any new symptoms, limitations, or treatment recommendations, we cannot say that it changed the picture so much that the ALJ was required to seek an updated opinion to account for it." *Id.* (noting that the

claimant's "treating doctors reviewed the new evidence and determined that she could remain on her current course of treatment").

The Court agrees with Defendant that an updated medical opinion was not needed to interpret the August 2023 MRI. In the view of Plaintiff's own treating physician Dr. Sompalli, the updated imaging was not enough to warrant a new course of treatment. (*See, e.g.*, R. 755) ("I continue to recommend surgery . . ."). Dr. Sompalli also did not consider the damage described in the MRI to be new; after reviewing the MRI, he consistently referred to it as being caused by the June 29, 2021, work injury. (*See* R. 747-55.) Contemporaneous complaints of some increased pain around the time of the new MRI also would not be a significant development requiring an updated medical opinion.

In addition to the shoulder MRI, Plaintiff argues that the ALJ should have obtained a medical opinion to review a November 22, 2021, NCV/EMG on his upper extremities that the agency reviewers were not able to consider. The EMG showed right median mononeuropathy at the wrist and that the lesion was moderate to severe. (R. 820-21.) Even if Plaintiff is correct that the government erred by failing to provide the test to the state agency physicians, he has failed to demonstrate that this evidence represented a significant new development with respect to his allegations of wrist limitations. The agency reviewers had access to other records related to his upper extremities, and Plaintiff has not explained how this EMG represented a sea change in his work-related limitations.

**B. Hand Limitations**

According to Plaintiff, the ALJ made another mistake in evaluating his hands/wrist limitations, specifically a mistake of fact that "[t]here are no repeated recommendations by any provider to have surgery due to carpal tunnel syndrome." (R. 32.) Plaintiff lists several citations in the record stating that he was pending carpal tunnel surgery and argues that remand is necessary because it is not clear how important this fact was to the ALJ's decision.

All of the cited surgical mentions, however, are self-reported by Plaintiff to Dr. Sompalli: "Patient states that he has been seeing a hand specialist for his wrists, he is currently pending Carpal Tunnel surgery there as well." (*See, e.g.*, R. 673.) Plaintiff offers no first-hand treatment notes from a hand/wrist specialist recommending any kind of surgery. There are numerous references in a chiropractor's 2021 treatment notes to Plaintiff being under the care of wrist specialist Dr. Wiesman,[2] but those notes describe Dr. Wiesman's physical therapy recommendations, not surgery. (*See generally* R. 902-54.) It was therefore not error for the ALJ to conclude that there were no surgical recommendations by a provider in the record.

**C. Appeals Council Exhibit**

Finally, Plaintiff argues that the Appeals Council erred by failing to exhibit a January 2025 MRI of his lumbar spine that showed disc protrusion which contacted the L5-S1 nerve root. An earlier MRI of his lumbar spine from August 2021 was in

[2] The notes sometimes spell his last name as "Weisman."

the record, and it showed a 2mm left paracentral protrusion at L5-S1. In declining to exhibit the updated MRI, the Appeals Council stated that: "The [ALJ] decided your case through May 30, 2024. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before May 30, 2024." (R. 2.)

The Appeals Council may receive additional evidence if it "is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5); *see also id.* § 404.970(c) (explaining that if a claimant "submit[s] additional evidence that does not relate to the period on or before the date of the [ALJ] hearing decision as required in paragraph (a)(5), . . . the Appeals Council will send you a notice that explains why it did not accept the additional evidence . . .").

Plaintiff disputes the Appeals Council's conclusion that the January 2025 MRI did not relate to the period at issue. He contends that "[t]his evidence demonstrates that at some point between August 2021 and January 2025, Plaintiff's condition worsened to the point that he developed nerve root impingement." (Pl.'s Br. at 7.) He points to treatment notes from 2023 describing his back pain to bolster his contention that the 2025 MRI relates to the period prior to the decision on May 30, 2024. Plaintiff is correct that in some cases, medical testing completed after a denial can relate back to the relevant period. *See, e.g.*, *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *2 (7th Cir. 2023) (finding an EMG related back when it

was ordered one month before the hearing decision, was completed five weeks after the decision, and showed abnormalities that would have been present at the relevant time). But he has not shown that the belated MRI relates back in his case. Plaintiff's cited complaints of back pain in 2023 do not suggest a dramatic worsening of his symptoms, as opposed to a continuation of the pain he had suffered for the previous two years. Plaintiff does not explain why, if his back pain suddenly become more acute in 2023, he was not recommended for a lumbar MRI then, instead of two years later. Plaintiff had access to medical and diagnostic care in that time frame, as evidenced by his August 2023 shoulder MRI. The Appeals Council thus did not err by rejecting Plaintiff's request to exhibit the lumbar MRI.

**CONCLUSION**

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 16] is denied.

**SO ORDERED.**

**DATE: September 2, 2026**

**ENTERED:**

Maria Valdez

**HON. MARIA VALDEZ**
**United States Magistrate Judge**